IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMIE JUBAR HOLLINS                                                                    PLAINTIFF
ADC #129965

v.                                      3:21-cv-00117-DPM-JJV

RAYLINA RAMSEY,
Classification Officer, Grimes Unit, ADC                                        DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**DISPOSITION**

I.   INTRODUCTION

Jamie Jubar Hollins ("Plaintiff") is a prisoner in the Grimes Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging Defendant Classification Officer Raylina Ramsey violated his Eighth Amendment rights by assigning him to the hoe squad despite his physical limitations. (Doc. 1.) In subsequent Motions, Plaintiff said this occurred on May 13, 2021. (Docs. 7, 8.)

Defendant Ramsey has filed a Motion for Summary Judgment arguing she is entitled to

1

dismissal because Plaintiff failed to properly exhaust his administrative remedies. (Docs. 21-23.) Plaintiff has not filed a Response. Thus, the facts in Defendant's Statement of Undisputed Material Facts (Doc. 23) are deemed admitted. *See* Local Rule 56.1(c) ("All material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party"); *Jackson v. Ark. Dep't of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001) (pursuant to Local Rule 56.1(c), a plaintiff who failed to respond to the motion for summary judgment "forfeited her ability to contest the facts presented" by the defendant). After careful consideration and for the following reasons, I recommend the Motion be GRANTED and Plaintiff's claim against Defendant Ramsey be DISMISSED without prejudice.

## II.   SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if

its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. ANALYSIS

#### A. The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

#### B. The ADC's Exhaustion Procedure

The ADC policy in effect during the relevant time in this case was Administrative Directive

19-34. (Docs. 21-1, 21-2, 21-3) This Directive establishes a three-step procedure. (Doc. 22-2.) First, the inmate must attempt informal resolution by submitting a Unit Level Grievance Form to a designated problem solver within fifteen days of the incident. The form must include a brief statement that is specific as to the substance of the issue or complaint to include the date, place, "personnel involved or witnesses," and how the policy or incident affected the inmate submitting the form. (*Id*. § IV(E)(2))(emphasis added.) Inmates are cautioned a "[g]rievance must specifically name each individual involved in order that a proper investigation and response may be completed" and an inmate who "fails to name all parties during the grievance process" may have his or her lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties. (*Id*. § IV(C)(4).) And, the grievance form itself reminds prisoners to include the "name of personnel involved." (*Id.* at 20.) The problem solver must respond to the informal resolution within three working days. (*Id*. § IV(C)(4) and (7).)

Second, if informal resolution of a medical matter is unsuccessful or the problem solver does not timely respond, the inmate must file a formal grievance to a Health Services Administrator ("HSA") on the same Unit Level Grievance Form within three working days. (*Id*. § IV(E)(11) and (F)(5)(7). If the informal resolution is about a non-medical matter, the same procedure applies except the grievance must be sent to the Warden. (*Id.*) The HSA or Warden must provide a written response to the formal grievance within twenty working days. (*Id*. § IV(F)(7).)

Third, an inmate who is dissatisfied with the response or does not timely receive a response, must appeal within five working days to the ADC Assistant Director. (*Id*. § IV(F)(8) and (G).) The ADC Assistant Director must provide a written response within thirty working days. (*Id*. at IV(G)(6).) A decision or rejection of an appeal at this level is the end of the grievance process. (*Id*.) Finally, the Directives include the following warning:

> Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit or Claims Commission claim. If this is not done, the lawsuit or claim may be summarily dismissed.

(*Id*. at § IV(N).)

### C. Plaintiff's Grievances

The ADC medical and non-medical Grievance Coordinators say in their sworn declarations that, prior to commencing this lawsuit, Plaintiff did not properly exhaust any grievances alleging Defendant Ramsey assigned him to the hoe squad despite his physical limitations.[1] (Docs. 21-1, 21-2.) Plaintiff has not refuted that assertion. And, my review of the record confirms this to be correct. According to the declarations and the ADC's records, Plaintiff filed the following four grievances in 2021: GR-21-555, GR-21-644, GR-663, and GR-688.

#### 1. GR-21-555

On May 13, 2021, Plaintiff filed GR-21-555 claiming he had not been seen by the medical staff in response to his sick call requests and that he was being racially discriminated against. (Doc. 21-6.) He also said: "I had my medical script changing to they (sic) Unit by the medical staff and Billy Cowell." (*Id.* at 3.) It is unclear from this confusing statement if Plaintiff was saying he needed a medical script exempting him from working on the hoe squad. But, even if that is what he meant, GR-21-255 is not properly exhausted for two reasons. First, Plaintiff did not specifically name Defendant Ramsey, as he was required to do by the ADC's exhaustion policy. *See Townsend v. Murphy,* 898 F.3d 780, 784 (8th Cir. 2018) (improper exhaustion when an ADC prisoner's grievance "made no mention" of two defendants); *Burns v. Eaton*, 752 F.3d

---

[1] Plaintiff's allegations against Defendant Ramsey could be classified as a medical or non-medical matter.

1136, 1141 (8th Cir. 2014) (improper exhaustion when the "ADC was not asked to evaluate the conduct" of the defendant "or the distinct § 1983 claims first asserted" in the lawsuit). Second, Plaintiff did not appeal the HSA's denial of GR-21-555 to the ADC Assistant Director, which is the final step of the ADC's grievance procedure. *See Porter v. Sturm,* 781 F.3d 448, 449, 452 (8th Cir. 2015) ("[d]ismissal without prejudice is mandatory" when a prisoner chose not to pursue final stage of grievance process); *Burns,* 752 F.3d at 1141 (a prisoner must pursue "the prison grievance process to its final stage"). Thus, Plaintiff did not properly exhaust his administrative remedies against Defendant Ramsey in GR-21-555.[2]

### 2. GR-21-644

On June 6, 2021, Plaintiff filed GR-21-644 saying:

> On this date May 13, 2021, I Jamie J. Hollins #129965 I wrote a grievance on the fact that I am not suppose to be out in the fields do me being physically disable which I have pen's in the both ankle's and my feet's hurt me for day's after standing for a long period of time and walking long distance to get there to work. Also, I've been through this with Ms. Ramsey as well as medical which I've feel that she is putting my health at risk.

(Doc. 21-5 at 3.) On June 15, 2021, the grievance was rejected as being untimely without reaching the merits. (*Id*. at 4.) And, on June 24, 2021, the ADC Assistant Director affirmed that decision on appeal. (*Id.* at 6.)

---

[2] In two previously filed Motions, Plaintiff says on May 13, 2021, he filed a grievance challenging his job assignment but received no response. (Docs. 7, 8.) It is unclear if Plaintiff is referring to GR-21-555 or a second grievance he allegedly filed on that day. Even if I presume Plaintiff filed a second grievance on May 13, 2021 that specifically named Defendant Ramsey, he still has not properly exhausted his administrative remedies because the ADC's exhaustion policy says prisoners must proceed to the next step of the process if they do not receive a response to an informal resolution or grievance. (Doc. 21-3 at 8, 11); *see also Crowley v. Nailor*, No. 19-1293, 2019 WL 5691881 (8th Cir. Nov. 4, 2019) (unpublished decision) (affirming dismissal when a prisoner did not proceed to the next step of the ADC's exhaustion procedure after he failed to receive a response to his grievance); *Williams v. Horner*, Case No. 11-3327, 2012 WL 1292887 (8th Cir. April 17, 2012) (unpublished decision) (same).

It is unclear to me why this grievance was rejected as being untimely. As previously mentioned, an informal resolution must be filed within fifteen days of the incident. Plaintiff does <u>not</u> say when he spoke to Ms. Ramsey about his job assignment. It could have been during his May 13, 2021 classification hearing, as stated in two previously filed Motions (Docs. 7, 8), or sometime on a later date which was within the fifteen day period to grieve it.

Prisoners are only required to exhaust their "available" administrative remedies. 42 U.S.C. § 1997e(a). Administrative remedies are "unavailable" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016). There is no need for me to determine whether ADC officials thwarted Plaintiff's attempts to properly exhaust GR-21-644 because he did not complete the exhaustion process until June 24, 2021, which was two days <u>after</u> he commenced this lawsuit. (Docs. 1, 21-5.) The law on this matter is clear. "Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies <u>before</u> filing suit in federal court." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in the original). Dismissal is mandatory if "exhaustion was not <u>completed</u> at the time of filing." *Id.* (emphasis added); *see also Booth v. Churner,* 532 U.S. 731, 733 (2001) (the PLRA requires prisoners to complete exhaustion "before suing over prison conditions"). Thus, even if I found ADC officials improperly rejected this grievance as being untimely, I still could not consider it because Plaintiff did not complete the exhaustion process until after he filed this lawsuit. For these reasons, I conclude GR-21-644 is not properly exhausted.

       3.     **GR-21-633 and GR-21-688**

Similarly, GR-21-633 (Doc. 21-7) and GR-21-688 (Doc. 21-4) cannot be considered because the HSAs denied them approximately one month *after* Plaintiff filed this lawsuit. *See*

7

*Booth,* 532 U.S. at 733; *Johnson,* 340 F.3d at 627. And, Plaintiff did not appeal to the ADC Assistant Director. *See Porter,* 781 F.3d at 449; *Burns,* 752 F.3d at 1141.

For these reasons, I conclude Plaintiff did not properly exhaust his available administrative remedies about the claim he is attempting to raise against Defendant Ramsey in this lawsuit. Accordingly, Defendant Ramsey is entitled to summary judgment and the claim against her should be dismissed without prejudice. *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

That being said, I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant's Motion for Summary Judgment (Doc. 21) be GRANTED, Plaintiff's claim against Defendant Ramsey be DISMISSED without prejudice, and this case be CLOSED.

  2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

  DATED this 9th day of November 2021.

_____<br>
JOE J. VOLPE<br>
UNITED STATES MAGISTRATE JUDGE